UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK EDWARDS,

          Petitioner,

   v.

JEFFREY A. UTTECHT,

          Respondent.

CASE NO. 3:20-CV-5006-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: May 29, 2020

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Mark Edwards filed his federal habeas Petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 3. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his conviction of first-degree child molestation. Dkt. 10, Exhibit 1.

Petitioner appealed his judgment and sentence to the Washington Court of Appeals, and the prosecution filed a cross-appeal from the superior court's decision to vacate the conviction on a second count of child molestation. Dkt. 10, Exhibit 3, 4, 5, 6, 7. On July 17, 2012, the Washington Court of Appeals denied both appeals and affirmed Petitioner's judgment and sentence. Dkt. 10, Exhibit 2. Petitioner did not move for discretionary review by the Washington Supreme Court, but the prosecution sought review by the Washington Supreme Court of the issues raised in the cross-appeal. Dkt. 10, Exhibit 9. The Washington Supreme Court denied review without comment on April 3, 2013. Dkt. 10, Exhibit 10. The Washington Court of Appeals issued the mandate on May 2, 2013. Dkt. 10, Exhibit 11.

On January 6, 2020, Petitioner filed this Petition pursuant to § 2254. Dkts. 1, 3. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 n. 2 (9th Cir. 2001) (Under the prison "mailbox rule," a petition is deemed filed for purposes of AEDPA's statute of limitations the moment it is delivered to prison authorities for forwarding to the clerk of the district court. However, here it is not clear when when Petitioner submitted the Petition to prison authorities for filing.) Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 3. On March 24, 2020, Respondent filed an Answer wherein he asserts the Petition was filed after the limitations period expired. *Id.* Respondent maintains the Petition is therefore time-barred and should be dismissed with prejudice. *Id*. In the alternative, Respondent argues the Petitioner is

unexhausted and procedurally barred and Petitioner fails to state a federal constitutional ground for relief. *Id.* Petitioner did not file a traverse. *See* Dkt.

## DISCUSSION

*A. Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."

A direct review concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner filed a direct appeal challenging his conviction and sentence. Dkt. 10, Exhibit 3, 4, 5, 6, 7. The Washington Supreme Court denied review on April 3, 2013. Dkt. 10, Exhibit 10.

Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, his direct appeal was final on July 2, 2013, the date the time for filing a petition for certiorari expired.[1] *See* U.S. Sup. Ct. Rule 13 (a writ of certiorari must be filed within 90 days after entry of the judgment). The AEDPA limitations period began running on July 3, 2013. *See Corjasso v.*

---

[1] Petitioner did not file a petition for review with the Washington Supreme Court challenging the denial of his direct appeal by the Washington Court of Appeals. *See* Dkt. 10. Respondent argues the AEDPA limitations period should be calculated from the date the Washington Supreme Court denied review of the prosecution's cross-appeal, April 3, 2013. Dkt. 9. Respondent did not cite to any case law in support of his contention. *Id.* However, Petitioner did not file a traverse, and does not object to the timeliness issue raised in the Answer. And more importantly, even if the Court calculated the AEDPA limitations period from the date the Washington Court of Appeals issued its decision affirming Petitioner's conviction, July 17, 2012, rather than the date the Washington Supreme Court denied review of the prosecution's cross-appeal, April 3, 2012, the Petition is still untimely.

*Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (AEDPA limitations period begins to run the day after the conviction is final). The one-year statute of limitations expired one year later on July 3, 2014. Petitioner did not file the Petition until January 2020, well after the limitations period expired.[2] *See* Dkt. 1, 3.

The AEDPA limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Petitioner does not argue he is entitled to equitable tolling and fails to demonstrate any extraordinary circumstance prevented him from filing a timely habeas petition. *See* Dkt. 3. While Petitioner contends the AEDPA limitations period is "Not Applicable" to his Petition, Dkt. 3 at 14, he does not provide any evidence showing he was precluded from challenging his convictions. The AEDPA limitations period provided Petitioner with a reasonable opportunity to have his claims heard on the merits. His decision not to avail himself of such an opportunity does not demonstrate the one-year limitation period does not apply to him.

As the record reflects the Petition was filed after the statute of limitations had run, and Petitioner fails to show he is entitled to any tolling, the Petition is untimely.

B. *Exhaustion and Merits*

Respondent also argues the Petition is not properly exhausted and procedurally barred and fails to state a federal constitutional ground for relief. Dkt. 9. However, because the Court

---

[2] Petitioner did not file a post-conviction collateral attack in state court, therefore, he is not entitled to statutory tolling. 28 U.S.C. § 2244(d)(2) (The AEDPA limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim.).

concludes the Petition is untimely, the Court declines to consider Respondent's alternative grounds for denying habeas corpus relief.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, Petitioner's grounds may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## CONCLUSION

For the above stated reasons, the Court concludes the Petition is untimely. Therefore, the Court recommends the Petition be dismissed with prejudice and a certificate of appealability not be issued.

As the Court finds a certificate of appealability should not be issued and that the petition should not proceed further, the Court recommends any request for *in forma pauperis* on appeal be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 29, 2020 as noted in the caption.

Dated this 7th day of May, 2020.

David W. Christel
United States Magistrate Judge